**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VINCENT JAMES DRAPER,** | ) | |
| **ID #404200,** | ) | |
|         **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-3989-D (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
|         **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

## I.  BACKGROUND

Vincent James Draper (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

A jury convicted Petitioner of aggravated sexual assault of a child in Criminal District Count Number 5 in Dallas County, Texas, on March 27, 1985, and he was sentenced to ninety-nine years' imprisonment. (Petition (Pet.) at 2; *see also* www.dallascounty.org/public.access.php (Dallas County criminal records of case number F-8585535). Petitioner filed a direct appeal, and the Fifth District Court of Appeals affirmed his conviction in an unpublished opinion on August 12, 1986. *See Draper v. Texas*, No. 05-85-01240-CR (Tex. App. – Dallas, Aug. 12, 1986, no pet.), *available at* http://www.searchtxcourts.gov/Case.aspx?cn=05-85-01240-CR&coa=coa05. He did not file a petition for discretionary review.

Twenty-five years later, on September 13, 2011, Petitioner filed a state application for writ of habeas corpus challenging his conviction.  *See* www.dallascounty.org/public.access.php (Dallas County criminal records of Writ No. W-8585535-A).  The Court of Criminal Appeals ultimately denied the application without a written order on March 21, 2012.  *See Ex parte Draper*, WR-77,099-01 (Tex. Crim. App. Mar. 21, 2012).  Petitioner mailed his federal petition on November 5, 2014. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

**A.  <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after his conviction was affirmed on direct appeal on August 12, 1986. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). The facts supporting his claims became known or could have become known prior to this date.

Because Petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is entitled to the one-year grace period that ended, in the absence of tolling, on April 24, 1997. Because he filed his federal petition more than one year later, his November 5, 2014 filing is untimely.[1]

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

### B. <u>Tolling</u>

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ until 2011, twenty-five years after his state conviction became final in 1986. Although the one-year limitations period is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period in this case expired before Petitioner filed his state writ. The statutory tolling provision therefore does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v.*

*Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument and no evidence that he was prevented from filing his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### C. **Actual Innocence**

Petitioner asserts that he is actually innocent of the charge of aggravated sexual assault charge. (Pet. at 6-8, 11-13; Mem. at 1-4.)  Recently, in *McQuiggin v. Perkins*, ——U.S. ——, 133 S. Ct. 1924, 1928–31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence, if proved, can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  It emphasized, however, that a tenable actual innocence claim must persuade a district court that in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1935.  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *Id.* at 1935–36.

Here, Petitioner has not presented a credible claim of actual innocence based on evidence

obtained over twenty-five years after his conviction.  He has presented no "new evidence"; he only

argues that the grounds he raises in the petition show that he is actually innocent.  For example,

Petitioner argues:

> The petitioner reflects an actual innocence claim by . . . basically pointing out how
> so many plain errors arose from prosecutorial misconduct withholding evidence and
> such "clear errors" reflected federal questions of fundamental unfairness that
> continued to extend causing injury to the United States Constitution and thus
> constituted prima facie/actual innocence [sic]. (Pet. at 12-13.)

To the contrary, the state court records show that Petitioner sought and was granted post-conviction

DNA testing in 2008 and 2009.  An entry dated May 27, 2009, notes that the testing results "confirm

Vincent James Draper as the [perpetrator]." *See* www.dallascounty.org/public.access.php (Dallas

County criminal records of Case F-8585535).  Petitioner has not brought forward any new evidence

of innocence, much less that "no reasonable juror would have convicted him in the light of the new

evidence." *Perkins*, 133 S. Ct. at 1935 (citing *Schlup* [*v. Delo*], 513 U.S. 298, 327 (1995)).  His

actual innocence claim has not overcome the statute of limitations bar.

### III.  RECOMMENDATION

The petition for habeas corpus relief should be **DENIED** with prejudice as barred by the

statute of limitations.

**SO ORDERED this 17th day of November, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7